**Angel A. PEREZ TORRES, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 83–2891 HL.**

United States District Court, D. Puerto Rico.

Feb. 27, 1985.

Juan A. Hernandez Rivera, María Santana de Cuevas, Bayamón, P.R., for plaintiff.

Fidel A. Sevillano-Del Rio, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Present before this Court is Petitioner's motion to alter or amend this Court's Order dated October 25, 1984, and a motion requesting that attorneys fees requested be approved by this Court.

On October 3, 1984, counsel for plaintiff filed a motion requesting attorney's fees for the services rendered in connection with a favorable determination of a claim in the Social Security Administration. Petitioner requested 25% of the past-due benefits as attorney's fees. Said motion was granted by Judge Torruella on October 9, 1984. Thereafter, on October 24, 1984, defendant Secretary of Health and Human Services (the Secretary) filed its opposition to the motion requesting attorneys fees. In said motion, the Secretary challenged the validity of the retainer agreement entitled "Authorization and Contract" subscribed by plaintiff, Angel Pérez Torres, and his counsel.

The Authorization and Contract provides in its pertinent part as follows:

"For the services rendered in connection with the claim, claimant's attorney is authorized to charge a fee of 25 percent of the past due benefits for months prior to the month in which the favorable determination was made on the claim, or a fee equivalent to the benefits of two consecutive months, whatever be greater, *after obtaining the approval of the fee from the Social Security Administration.*" (Emphasis ours.)

Defendant contends that the contract at issue here, which states that plaintiff's counsel can charge a fee equivalent to the benefits of two consecutive months if this is greater than 25% of past due benefits, is contrary to the Code of Federal Regulations, which provides that an attorney cannot contract with his client for a fee over 25% of the past due benefits. 20 CFR Sec. 404.1730. Therefore, defendant requested this Court to delete from plaintiff's counsel's contract the words "or a fee equivalent to the benefits of two consecutive months, whatever be greater", and that plaintiff's counsel be instructed to inform his clients who have signed the contract, about this change in the "Authorization and Contract."

Defendant's request was granted and the order of October 19, 1984, was set aside by Judge Torruella on October 25, 1984. Subsequently, on November 5, 1984, plaintiff's counsel brought a Motion to alter or amend the October 25th order. For the reasons that follow, plaintiff counsel's request for attorneys fees will be GRANTED.

Plaintiff's counsel based his request on the fact that defendant erroneously concluded that 42 U.S.C. § 406 and 20 CFR 404.1730 prohibit an attorney to contract with his client for a fee over 25% of the past due benefits.

Title 42 U.S.C. § 406 provides in its pertinent part as follows:

"(a) . . . The Secretary may, by rule or regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter, and any agreement in violation of such rules and regulations shall be void. Whenever the Secretary, in any claim

before him for benefits under this subchapter, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim. If as a result of such determination, such claimant is entitled to past-due benefits under this subchapter, the Secretary shall, notwithstanding section 405(i) of this title, certify for payment (out of such past-due benefits) to such attorney an amount equal to whichever of the following is the smaller: (A) 25 percentum of the total amount of such past-due benefits, (B) the amount of the attorney's fee so fixed, or (C) the amount agreed upon between the claimant and such attorney as fee for such attorney's services. . . .

(b)(1) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph." [1]

A close reading of Section 404.1730 and 42 U.S.C. § 406 reveals that the Act and regulations prohibit the Secretary from paying fees directly to an attorney in excess of 25% of the past-due benefits. The Act also limits the amount that an attorney can charge or collect to no more than the fee prescribed or *authorized* by the Secretary [see 42 U.S.C. Section 406(a)]. Therefore, there is a difference between payment of fees by the Secretary out of past-due benefits, and authorization to charge fees by the Secretary. 20 CFR 404.1725(b)(2).[2] However, it must be noted that the Act neither impedes the Secretary from authorizing, nor prohibits an attorney from contracting fees in excess of 25% of the past-due benefits. Furthermore, under 20 CFR 404.1725(b)(2) fees may be authorized even if no benefits are payable.

■ Therefore, according to the regulations, if the fee authorized by the Secretary is less than the 25% withheld, the amount is paid directly to the attorney and the balance released to the plaintiff. If the amount authorized exceeds the 25% withheld, then the total of the 25% is paid directly to the attorney, but the collection of the balance of the approved fees is a matter of settlement between the attorney and the claimant represented, and does not involve the Social Security Administration. See plaintiff counsel's Exhibit A, "Authorization to Charge and Receive a Fee."

■ In some cases where no past-due benefits are available, the attorney is required to request authorization from Secretary or Federal Court to charge and receive the fees that it deems reasonable under the particular circumstances of each case. Therefore, in those cases the attorney can only charge the fees authorized by the Administration or Federal Court and must collect the whole amount directly from the claimant. 20 CFR 404.1725(b)(2). The clause at issue in this case is directed for

1. See, 20 CFR 404.1730 for the corresponding regulation.

2. Section 1725(b)(2) provides that:
"(2) Although we consider the amount of benefits, if any, that are payable, we do not base the amount of fee we authorize on the amount of the benefit alone, but on the consideration of all the factors listed in this section. The benefits payable in any claim are determined by specific provisions of law and are unrelated to the efforts of the representative. *We may authorize a fee even if no benefits are payable.*" (Emphasis ours.)

this type of situation when there are no past-due benefits. Furthermore, the clause of the Authorization and Contract herein cannot be considered illegal, as alleged by defendant, since it provides that the fee to be charged is subject to the approval of the Social Security Administration. Therefore, if the fee authorized is less than the amount requested, the attorney will not be able to collect a higher fee from the claimant. Furthermore, this issue is academic in this case, because the fee requested is 25% of plaintiff's past-due benefits.

WHEREFORE, the order dated October 25, 1984, is hereby VACATED, and the motion requesting attorneys fees filed by plaintiff's counsel is GRANTED as requested.

IT IS SO ORDERED.